The patent issued to J. K. and W. P. Gamble (No. 13,258) July 17, 1855.

---

## Case No. 13,200.

### SPALDING et al. v. BATON ROUGE.

[10 West. Law J. 461.]

Circuit Court, D. New Orleans. 1853.

CONSTITUTIONAL LAW—POWER TO REGULATE COMMERCE—POLICE REGULATIONS—LICENSES ON THEATRICAL EXHIBITIONS.

A license, issued under the authority of the laws of the United States, to a vessel to carry on a coasting trade, will not exempt the owners of it from the municipal regulations of towns, within whose corporate limits they moor their vessels for the purpose of giving theatrical exhibitions on board. If they there give such exhibitions as are by the town-regulations liable to taxation, their license does not protect them from it.

At law.

McCALEB, District Judge, in delivering the opinion of the court, stated substantially that Spalding & Rogers alleged that they were owners of a barge or vessel, called the Floating Palace, which they caused to be enrolled and licensed under the acts of congress, for a term not yet expired, as a coasting vessel; that they employed it for their lawful business on the river; and that when they were about

leaving Baton Rouge, the corporation caused her to be seized and detained. She was seized, it appears, because they refused to pay forty dollars tax and two dollars license, required by an ordinance of the corporation to be paid by every proprietor of a circus arriving by steamboat or other water craft, for the first exhibition. The ordinance imposes a fine for violation of the above provisions. The seizure was made by order of the mayor, to enforce the payment of the fine. The plaintiffs insisted that, having authority from their license to carry on their business, they were not subject to the license laws of the city of Baton Rouge, and that, so far as the ordinance might extend to vessels licensed by the United States, it was unconstitutional, being an interference with the power of congress to regulate commerce. They also contended that the Palace was not within the jurisdiction of the corporation when the tax or fine was exacted, and claim $2,500 damages. Defendants maintained that the ordinance was constitutional. The barge was constructed for the express purpose of giving circus exhibitions. The word "commerce" is uniformly understood to comprehend navigation, and was so contemplated by the framers of the constitution. The barge was not, however, engaged in commerce, and she was not a commercial vessel. Her navigation up and down the river cannot be regarded as a navigation for commercial purposes, or as a navigation which would necessarily be regarded as an incident of commerce, and included in that term as used in the constitution, which meant navigation as a means by which commerce is carried on. The license set up by the plaintiffs cannot protect them from the tax or fine. Under it they could carry on the coasting trade, convey freight and passengers, and land at Baton Rouge; but if they remain there, and give exhibitions which are liable to taxation, their license cannot protect them. The tax imposed by the corporation of Baton Rouge is a mere police regulation, necessary to the order and welfare of cities and towns, and neither surrendered nor restrained by any provision in the constitution of the United States. The authority of the state is complete, and has been delegated to the corporation of Baton Rouge by statute. The Palace being fastened to the shore, and connected by a bridge, formed as much a part of the shore as if the performance were given on the shore itself. The petition of plaintiffs for damages is therefore dismissed, with costs.